1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9

10   Richard LaGrand Gause,               )    No. CV 12-1439-PHX-RCB (MEA)
                                          )
11              Plaintiff,                )         **ORDER**
                                          )
12   vs.                                  )
                                          )
13                                        )
     M. Mullen, et al.,                   )
14                                        )
                Defendants.               )
15                                        )
                                          )
16   _____  )

17         Plaintiff Richard LaGrand Gause, who is confined in the Maricopa County Fourth

18   Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1)

19   and an Application to Proceed *In Forma Pauperis* (Doc. 2).  The Court will order Defendants

20   Mullen and Beauford to answer Count One of the Complaint and will dismiss the remaining

21   claims and Defendant Mesa Police Department without prejudice.

22   **I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

23         Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.

24   § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).

25   The Court will assess an initial partial filing fee of $14.25.  The remainder of the fee will be

26   collected monthly in payments of 20% of the previous month's income each time the amount

27   in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate

28   Order requiring the appropriate government agency to collect and forward the fees according

**TERMPSREF**

to the statutory formula.

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

**III.    Complaint**

In this three-count Complaint, Plaintiff sues Defendants Mesa Police Department and Officers M. Mullen and Beauford.

Plaintiff alleges that he was riding his bicycle in the wrong lane, Defendant Mullen directed Plaintiff to stop his bicycle, and Plaintiff rode up to Defendant Mullen, attempted to stop his bicycle with his feet because he had no brakes, and swerved to avoid a collision when it became clear that he was going to run into Defendant Mullen's police car. Plaintiff contends that Defendant Mullen then grabbed Plaintiff by the throat and slammed Plaintiff's face into the asphalt. Plaintiff states that Defendant Mullen instructed Plaintiff to stand up and, when Plaintiff did, Defendant Mullen, without provocation, punched Plaintiff in the face, grabbed Plaintiff's arm, and again slammed Plaintiff into the asphalt. Plaintiff alleges that Defendant Beauford then arrived, jumped on Plaintiff, and drove a knee into Plaintiff's side/lower back.

Plaintiff contends that Defendants Mullen and Beauford then placed handcuffs on Plaintiff's wrists, that the handcuffs were "extremely tight" and cut off the blood flow to his hands, and that the handcuffs were not loosened for approximately one hour. Plaintiff asserts that Defendant Mullen told Plaintiff to "quit being a baby" when Plaintiff requested medical attention. Plaintiff also alleges that he was denied medical care at intake and was told that Defendant Mesa Police Department did not provide medical care and that he would have to wait until he was transported to the Maricopa County Jail before he could receive care.[1]

Plaintiff alleges that as a result of Defendants Mullen and Beauford's actions, he has severe nerve damage in his left hand, possible nerve damage in his right hand, has to wear braces on both hands, has intense pain in his lower back, has to take nerve and pain

---

[1]Plaintiff's Complaint also contains an allegation that a non-party police officer told an officer at the Maricopa County Jail's intake that Plaintiff was suicidal and should be stripped naked and kept on suicide watch. Plaintiff contends that he was neither suicidal nor on drugs and that the non-party police officer was simply abusing his power. The Court will not address this allegation because it is unrelated to the conduct of any Defendant named in this lawsuit.

1  medications, has reduced mobility, cannot sit or stand for long periods of time, cannot lift

2  heavy objects without pain, received a possible concussion, has migraine headaches, is

3  psychologically scarred, and might have post-traumatic stress disorder.

4      Plaintiff alleges that the conduct described in the Complaint constitutes a violation of

5  his Eighth Amendment rights regarding excessive force (Count One), medical care (Count

6  Two), and a threat to safety (Count Three).  In his Request for Relief, Plaintiff seeks

7  monetary damages and injunctive relief.

8  **IV.   Claims for Which an Answer Will be Required**

9      The use of excessive force by police officers in the course of an arrest can violate the

10  arrestee's Fourth Amendment right to be free from unreasonable seizures.  See White by

11  White v. Pierce County, 797 F.2d 812, 816 (9th Cir. 1986).  Liberally construed, Plaintiff

12  has stated a Fourth Amendment excessive force claim against Defendants Mullen and

13  Beauford.  The Court will require Defendants Mullen and Beauford to answer Count One.

14  **V.   Failure to State a Claim**

15      Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519,

16  520-21 (1972), conclusory and vague allegations will not support a cause of action.  Ivey v.

17  Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Further,

18  a liberal interpretation of a civil rights complaint may not supply essential elements of the

19  claim that were not initially pled.  Id.

20      **A.   Count One - Defendant Mesa Police Department**

21      To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific

22  injury as a result of specific conduct of a defendant and show an affirmative link between the

23  injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377

24  (1976).  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's

25  position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights

26  does not impose liability. Monell v. New York City Department of Social Services, 436 U.S.

27  658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List,

28  880 F.2d 1040, 1045 (9th Cir. 1989).

TERMPSREF      - 4 -

1   The actions of individuals may support municipal liability only if the employees were

2   acting pursuant to an official policy or custom of the municipality.  Botello v. Gammick, 413

3   F.3d 971, 978-79 (9th Cir. 2005).  A plaintiff must allege, as a matter of law, that the policy

4   or custom of the municipality caused him to suffer constitutional injury.  Sadoski v. Mosley,

5   435 F.3d 1076, 1080 (9th Cir. 2006).  Plaintiff has not alleged that Defendants Mullen and

6   Beauford were acting pursuant to an official policy or custom of Defendant Mesa Police

7   Department when they used force in the course of the arrest.  Thus, the Court will dismiss

8   without prejudice Count One against Defendant Mesa Police Department.

9        **B.    Count Two**

10   Not every claim by a prisoner relating to inadequate medical treatment states a

11   violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a

12   plaintiff must show that the defendants acted with "deliberate indifference to serious medical

13   needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429

14   U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating

15   that failure to treat the condition could result in further significant injury or the unnecessary

16   and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.

17   Jett, 439 F.3d at 1096 (quotations omitted).

18        "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051,

19   1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know

20   of and disregard an excessive risk to inmate health; "the official must both be aware of facts

21   from which the inference could be drawn that a substantial risk of serious harm exists, and

22   he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate

23   indifference in the medical context may be shown by a purposeful act or failure to respond

24   to a prisoner's pain or possible medical need and harm caused by the indifference.  Jett, 439

25   F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally

26   denies, delays, or interferes with medical treatment or by the way prison doctors respond to

27   the prisoner's medical needs.  Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

28        Deliberate indifference is a higher standard than negligence or lack of ordinary due

1  care for the prisoner's safety.  <u>Farmer</u>, 511 U.S. at 835.  "Neither negligence nor gross

2  negligence will constitute deliberate indifference." <u>Clement v. California Dep't of</u>

3  <u>Corrections</u>, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); <u>see also</u> <u>Broughton v. Cutter</u>

4  <u>Labs.</u>, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

5  "medical malpractice" do not support a claim under § 1983).  A mere delay in medical care,

6  without more, is insufficient to state a claim against prison officials for deliberate

7  indifference.  <u>See</u> <u>Shapley v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th

8  Cir. 1985).  The indifference must be substantial.  The action must rise to a level of

9  "unnecessary and wanton infliction of pain." <u>Estelle</u>, 429 U.S. at 105.

10  Plaintiff's allegations do not support a claim of deliberate indifference by Defendants

11  Mullen and Beauford.  In addition, although Plaintiff alleges that Defendant Mesa Police

12  Department does not provide medical care, he has failed to state a claim against Defendant

13  Mesa Police Department because he does not allege that he suffered any injury as a result of

14  Defendant Mesa Police Department's refusal to provide medical care. <u>See</u> <u>Shapley</u>, 766 F.2d

15  at 407.  Therefore, the Court will dismiss without prejudice Count Two.

16  **C.    Count Three**

17  The Court will dismiss without prejudice Count Three because Plaintiff's allegations

18  in Count Three are entirely duplicative of his allegations in Count One.

19  **VI.    Warnings**

20  **A.    Release**

21  Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

22  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

23  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

24  in dismissal of this action.

25  **B.    Address Changes**

26  Plaintiff must file and serve a notice of a change of address in accordance with Rule

27  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

28  relief with a notice of change of address.  Failure to comply may result in dismissal of this

1 action.

2     **C.     Copies**

3     Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

4 of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate

5 stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit

6 an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply

7 may result in the filing being stricken without further notice to Plaintiff.

8     **D.     Possible Dismissal**

9     If Plaintiff fails to timely comply with every provision of this Order, including these

10 warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

11 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

12 comply with any order of the Court).

13 **IT IS ORDERED:**

14     (1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

15     (2)     As required by the accompanying Order to the appropriate government agency,

16 Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $14.25.

17     (3)     Counts Two and Three and Defendant Mesa Police Department are **dismissed**

18 without prejudice.

19     (4)     Defendants Mullen and Beauford must answer Count One.

20     (5)     The Clerk of Court must send Plaintiff a service packet including the

21 Complaint (Doc. 1), this Order, and both summons and request for waiver forms for

22 Defendants Mullen and Beauford.

23     (6)     Plaintiff must complete and return the service packet to the Clerk of Court

24 within 21 days of the date of filing of this Order.  The United States Marshal will not provide

25 service of process if Plaintiff fails to comply with this Order.

26     (7)     If Plaintiff does not either obtain a waiver of service of the summons or

27 complete service of the Summons and Complaint on a Defendant within 120 days of the

28 filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the

action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8)   The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9)   The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a)   personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)   **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)   Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)   Any answer or response must state the specific Defendant by name on whose

TERMPSREF

- 8 -

1  behalf it is filed.  The Court may strike any answer, response, or other motion or paper that

2  does not identify the specific Defendant by name on whose behalf it is filed.

3        (13)    This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules

4  72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized

5  under 28 U.S.C. § 636(b)(1).

6        DATED this 15th day of July, 2012.

7

8

9  _____

10  Robert C. Broomfield
   Senior United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28