**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard LeGrand Gause,<br><br>        Plaintiff,<br><br>  vs.<br><br>M. Mullen, et al.,<br><br>        Defendants. | No. CV 12-1439-PHX-RCB (MEA)<br><br>**O R D E R** |

Before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 18).[1]

The Court will deny Defendants' motion as moot, screen Plaintiff's First Amended Complaint, order Defendants Mullen and Beauford to answer Count I, and dismiss the remaining claim without prejudice.

**I.    Background**

Plaintiff Richard LeGrand Gause, brought this *pro se* civil rights action under 42 U.S.C. § 1983 against the Mesa Police Department and Officers M. Mullen and Beauford (Doc. 1).[2] The Court screened the Complaint, dismissed the Mesa Police Department and

---

[1] Plaintiff's pending Motion for Computer Access to View Discovery will be addressed by a separate Order (see Doc. 26).

[2] Plaintiff is currently confined in the Arizona State Prison Complex-Buckley Unit, in Buckeye, Arizona (Doc. 8).

1 | two of Plaintiff's three counts, and directed Mullen and Beauford to answer the excessive-
2 | force claim set forth in Count I (Doc. 5).

Defendants filed their Answer on September 26, 2012 (Doc. 11). On October 4, 2012, the Court received Plaintiff's First Amended Complaint (Doc. 13).

On October 18, 2012, Defendants filed their pending Motion to Dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 18). Plaintiff filed his opposition to Defendants' motion (Doc. 22).

**II.     Right to Amend Pleading and Screening Requirement**

Under Federal Rule of Civil Procedure 15(a)(1), a party is permitted to amend its pleading as a matter of right within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Although the Court did not receive Plaintiff's First Amended Complaint until October 4, 2012, it was signed on September 8, 2012 (Doc. 13 at 6). Under the prison mail-box rule, the filing date is the date a prisoner delivers his complaint to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 273, 276 (1988) see also Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (clarifying that the Houston mailbox rule applies to § 1983 suits filed by pro se prisoners). That filing date is determined by the date of the prisoner's declaration. Douglas, 567 F.3d at 1108. Plaintiff's First Amended Complaint was filed on September 8, 2012, and was well within the time in which he could amend his pleading as a matter of right. Thus, Plaintiff's amended pleading is the operative complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (after amendment, the original pleading is treated as nonexistent); Hal Roach Studios v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1990) (amended complaint supersedes the original complaint).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

The standard for dismissal under § 1915A(b) is identical to the standard under Rule 12(b)(6) ("fail[ure] to state a claim upon which relief may be granted"). Because the Court is required to screen Plaintiff's First Amended Complaint, Defendants' Rule 12(b)(6) Motion to Dismiss is unnecessary and will be denied as moot.

**III. Screening**

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Further, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 681.

**IV. First Amended Complaint**

In his two-count First Amended Complaint, Plaintiff sues Mesa Police Officers Mullen and Beauford (Doc. 13 at 1-2).

In Count I, Plaintiff alleges an excessive-force claim (id. at 3). He states that on the afternoon of March 4, 2012, Mullen stopped Plaintiff for riding his bicycle in the wrong bike

lane (id.). Plaintiff asserts that Mullen stopped his car about 70 feet in front of Plaintiff so as to block the bike lane and then got out of his car and told Plaintiff to stop (id.). Plaintiff contends that he had no brakes, therefore, he attempted to stop by dragging his feet on the ground. According to Plaintiff, when it became clear that he was going to run into the parked car, he swerved to avoid a collision. Plaintiff avers that Mullen then grabbed him by the throat and slammed him face first into the asphalt (id.). Plaintiff further avers that Mullen told him to stand up, and, when Plaintiff did, Mullen—without provocation—punched Plaintiff in the face, grabbed Plaintiff's arm, and again slammed him into the asphalt (id.). Plaintiff states that Beauford then arrived, jumped on Plaintiff, and drove a knee into the Plaintiff's lower back (id. at 3-3A).

Plaintiff alleges that Mullen and Beauford then placed handcuffs on Plaintiff's wrists that were extremely tight and cut off blood flow (id. at 3A). Plaintiff asserts that for one hour, no one would loosen the cuffs (id.). He also asserts that he repeatedly requested medical attention for his hands, head, and back, but was told by Mullen to "quit being a baby" (id.). Plaintiff states that Mullen then transported him to the Mesa Police Department, where the handcuffs were finally removed, and Plaintiff again requested medical care (id.). Plaintiff avers that he was told that the Mesa Police Department does not provide medical care and he would have to wait until he was transported to the county jail (id.).[3]

Plaintiff alleges that as a result of Mullen and Beauford's actions, he has severe damage in both hands that causes constant, intense pain and he must wear braces on his hands (id. at 3). He also avers that he suffers constant, intense lower back pain, for which he may require surgery, and he must take nerve and pain medications (id. at 3, 3C). Plaintiff

---

[3]Plaintiff also alleges that a non-party police officer told Maricopa County Jail's intake that Plaintiff was suicidal and should be stripped naked and kept on suicide watch (Doc. 13 at 3A). Plaintiff contends that he was neither suicidal nor on drugs and that the police officer was simply abusing his power (id.). The Court will not address this allegation because it is unrelated to the conduct of any named defendant. In addition, Plaintiff described the care he received at the jail for his wounds, the charges against him, and his subsequent criminal proceeding (id. at 3A-3C). These facts also do not relate to conduct by any named defendant and will not be addressed.

1 further claims that he has reduced mobility, cannot stand or sit for long periods or use his
2 hands for tasks, and he cannot lift heavy objects without blinding pain in his back and hands
3 (id. at 3C). And he states that he has migraine headaches, is psychologically scarred, and
4 might have post-traumatic stress disorder (id.).

In Count II, Plaintiff alleges a medical-care claim (id. at 4). He cites to the same supporting facts and alleged injury as set forth in Count I (id.).

For relief, Plaintiff requests monetary damages and a restraining order against Defendants (id. at 6).

## V. Failure to State a Claim

Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) that the defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond

to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." Clement v. Cal. Dep't of Corrs., 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff's allegations do not support a claim of deliberate indifference to medical needs by either Mullen or Beauford. Accordingly, the Court will dismiss Count II.

**VI. Claim Requiring an Answer**

The use of excessive force by police officers in the course of an arrest can violate the arrestee's Fourth Amendment right to be free from unreasonable seizures. See White by White v. Pierce County, 797 F.2d 812, 816 (9th Cir. 1986). This includes the use of tight handcuffs; "[i]t is well-established that overly tight handcuffing can constitute excessive force." Wall v. County of Orange, 364 F.3d 1107, 1112 (9th Cir. 2004).

In Count I, Plaintiff alleges that Defendants' use of excessive force violated his rights under the Eighth Amendment (Doc. 13 at 3). But the Eighth Amendment applies only to individuals already convicted of a crime. See Graham v. Connor, 490 U.S. 386, 398 (1989) ("the less protective Eighth Amendment standard applies 'only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions'") (internal quotation omitted). Plaintiff's excessive-force claim arose during the course of his arrest; therefore, it is governed by the Fourth Amendment. Id. at 388 (excessive-force claims that arise during an arrest, investigatory stop, or other seizure are analyzed under the Fourth

Amendment's objective reasonableness standard); see also Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2008) (a court looks at the facts alleged; "[a] complaint need not identify the statutory or constitutional source of the claim raised").

Liberally construed, Plaintiff has stated a Fourth Amendment excessive-force claim against Mullen and Beauford. The Court will require Defendants to answer Count One.

**VII. Warnings**

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

    (1)    Defendants' Motion to Dismiss (Doc. 18) is **denied** as moot.

    (2)    Count II is **dismissed** without prejudice.

    (3)    Defendants Mullen and Beauford must answer Count I of the First Amended Complaint.

    (4)    Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

    (5)    Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

    (6)    This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 3rd day of January, 2013.

_____
Robert C. Broomfield
Senior United States District Judge